CHARLES O. THOMPSON, SB# 139841
E-Mail: thompsonc@lbbslaw.com
MATTHEW C. MILLER, SB# 252484
E-Mail: millerm@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant JJ and W Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FUTIA,<br><br>    Plaintiff,<br><br>    v.<br><br>JJ AND W COMPANY,<br><br>    Defendant. | CASE NO. C 07 4360 HRL<br><br>**DEFENDANT JJ AND W COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:    August 23, 2007<br>Trial Date:    Not set |

COMES NOW Defendant JJ and W Company, Inc. ("JJ & W"), and hereby answers the Complaint for Preliminary and Permanent Injunctive Relief and Damages ("Complaint") filed by Rick Futia ("Futia" or "Plaintiff") by admitting, denying, and alleging as follows:

**FIRST CLAIM FOR RELIEF: DAMAGES AN INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES AT A RETAIL STORE (Civil Code §§ 51, 54.1)**

1. In answer to paragraph 1 of Plaintiff's Complaint, JJ & W lacks sufficient information or knowledge on which to base an admission or denial of the allegations in paragraph 1 in the Complaint, and therefore denies same.

2. In answer to paragraph 2 of Plaintiff's Complaint, JJ & W admits the location of the subject property in this action to be 1175 Aster Avenue, Sunnyvale, California, and that the store is open to the public. As to the remaining claims, JJ & W asserts that it contains legal conclusions

1  and legal argument that JJ & W is not required to admit or deny. To the extent a response is
2  necessary, JJ & W denies each and every other allegation in this paragraph.

3    3. In answer to paragraph 3 of Plaintiff's Complaint, JJ & W denies that it failed to
4  provide proper legal access to the facility to the Plaintiff or others, that any violation of federal or
5  California laws or regulations has occurred or is ongoing, or that it violated Plaintiff's civil rights.
6  JJ & W admits that Plaintiff seeks certain relief, but denies Plaintiff is entitled to such relief. JJ &
7  W denies each and every other allegation in this paragraph.

8    4  In answer to paragraph 4 of Plaintiff's Complaint, JJ & W admits that the District
9  Court has jurisdiction over claims purportedly based on violations of the Americans with
10 Disabilities Act of 1990 ("ADA"). JJ & W admits that based on the facts alleged in the
11 Complaint, the District Court may exercise discretionary supplemental jurisdiction over the state
12 law claims brought in this action. However, JJ & W denies that the exercise of supplemental
13 jurisdiction in this case is appropriate. JJ & W denies each and every other allegation in this
14 paragraph.

15    5. In answer to paragraph 5 of Plaintiff's Complaint, JJ & W admits that venue is proper.

16    6. In answer to paragraph 6 of Plaintiff's Complaint, JJ & W admits the intra-district
17 assignment is proper.

18    7. In answer to paragraph 7 of Plaintiff's Complaint, JJ & W admits the facility is open to
19 the public. As the rest of the allegations, JJ & W asserts that it contains legal conclusions and
20 legal argument that JJ & W is not required to admit or deny, but to the extent a response is
21 necessary, JJ & W denies each and every allegation in this paragraph.

22    8. Placeholder

23    9. In answer to paragraph 9 of Plaintiff's Complaint, JJ & W asserts that it contains legal
24 conclusions and legal argument that JJ & W is not required to admit or deny, but to the extent a
25 response is necessary, JJ & W denies each and every allegation in this paragraph.

26    10. In answer to paragraph 10 of Plaintiff's Complaint, JJ & W lacks sufficient
27 information or knowledge on which to base an admission or denial of the allegations pertaining to
28 the status, needs and ability of Plaintiff and others similarly situated. JJ & W denies it failed to

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

comply with any state or federal laws or regulations. As to the remaining allegations, JJ & W asserts that it contains legal conclusions and legal arguments that JJ & W is not required to admit or deny, but to the extent a response is necessary, JJ & W denies each and every allegation in this paragraph.

11. In answer to paragraph 11 of Plaintiff's Complaint, JJ & W asserts that paragraph 11 contains legal conclusions and legal argument that JJ & W is not required to admit or deny, but to the extent a response is necessary, JJ & W denies each and every allegation in this paragraph.

12. In answer to paragraph 12 of Plaintiff's Complaint, JJ & W asserts that paragraph 12 contains legal conclusions and legal argument that JJ & W is not required to admit or deny, but to the extent a response is necessary, JJ & W denies each and every allegation in this paragraph.

13. In answer to paragraph 13 of Plaintiff's Complaint, JJ & W denies that its facilities lack accessible parking, an accessible entrance and an accessible restroom, or that it caused Plaintiff any damages. As to the remaining allegations, JJ & W lacks sufficient information or knowledge on which to base an admission or denial of the allegations in paragraph 13 in the Complaint, and therefore denies same.

14. In answer to paragraph 14 of Plaintiff's Complaint, JJ & W denies each and every allegation in this paragraph.

15. In answer to paragraph 15 of Plaintiff's Complaint, JJ & W denies each and every allegation in this paragraph.

16. In answer to paragraph 16 of Plaintiff's Complaint, JJ & W admits Plaintiff seeks certain relief, but denies Plaintiff is entitled to such relief. As to the remaining allegations, JJ & W denies each and every allegation in this paragraph.

17. In answer to paragraph 17 of Plaintiff's Complaint, JJ & W admits Plaintiff seeks certain relief, but denies Plaintiff is entitled to such relief. JJ & W lacks sufficient information or knowledge on which to base an admission or denial as to the purpose of Plaintiff's lawsuit, and therefore denies same. As to the remaining allegations, JJ & W denies each and every allegation in this paragraph.

\\

18. In answer to paragraph 18 of Plaintiff's Complaint, JJ & W admits that Plaintiff seeks certain relief, but denies Plaintiff is entitled to such relief. JJ & W denies it has violated or continues to violate any state or federal laws or regulations, and therefore denies all remaining allegations of this paragraph.

**SECOND CLAIM FOR RELIEF: VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990, 42 USC §§12101**

19. In answer to paragraph 19 of Plaintiff's Complaint, JJ & W incorporates by reference its admissions and denials set forth in paragraphs 1 through 18, above.

20. In answer to paragraph 20 of Plaintiff's Complaint, JJ & W asserts that it contains policy and legal conclusions that JJ & W is not required to admit or deny, but to the extent a response is necessary, JJ & W denies each and every allegation in this paragraph.

21. In answer to paragraph 21 of Plaintiff's Complaint, JJ & W admits the provisions of 42 U.S.C. § 12101(b), which speaks for itself. JJ & W, however, does not adopt the emphasis added to this provision by Plaintiff and therefore denies the same. JJ & W further asserts that this paragraph contains policy and legal conclusions that JJ & W is not required to admit or deny, but to the extent a response is necessary, JJ & W denies each and every allegation in this paragraph.

22. In answer to paragraph 22 of Plaintiff's Complaint, JJ & W asserts that paragraph 22 contains legal conclusions and legal argument that JJ & W is not required to admit or deny, but to the extent a response is necessary, JJ & W denies each and every allegation in this paragraph.

23. In answer to paragraph 23 of Plaintiff's Complaint, JJ & W admits the provisions of 42 U.S.C. § 12182, which speaks for itself.

24. In answer to paragraph 24 of Plaintiff's Complaint, JJ & W admits the provisions of 42 U.S.C. § 12182(b)(2)(A)(ii)-(v), which speaks for itself. JJ & W denies it failed to abide by these provisions or any federal or state laws or regulations, and therefore denies the remaining allegations of this paragraph.

25. In answer to paragraph 25 of Plaintiff's Complaint, JJ & W denies the allegations in this paragraph.

\\

26. In answer to paragraph 25 of Plaintiff's Complaint, JJ & W denies the allegations in this paragraph.

27. In answer to paragraph 27 of Plaintiff's Complaint, JJ & W admits Plaintiff seeks certain relief, but denies Plaintiff is entitled to any such relief. JJ & W denies each and every remaining allegation of this paragraph.

**PRAYER**

1. In answer to paragraph 1, JJ & W need not address Plaintiff's prayer for relief. To the extent that any allegation in paragraph 1 is deemed to require a response, JJ & W denies each and every allegation contained therein.

2. In answer to paragraph 2, JJ & W need not address Plaintiff's prayer for relief. To the extent that any allegation in paragraph 2 is deemed to require a response, JJ & W denies each and every allegation contained therein.

3. In answer to paragraph 3, JJ & W need not address Plaintiff's prayer for relief. To the extent that any allegation in paragraph 3 is deemed to require a response, JJ & W denies each and every allegation contained therein.

4. In answer to paragraph 4, JJ & W need not address Plaintiff's prayer for relief. To the extent that any allegation in paragraph 4 is deemed to require a response, JJ & W denies each and every allegation contained therein.

5. In answer to paragraph 5, JJ & W need not address Plaintiff's prayer for relief. To the extent that any allegation in paragraph 5 is deemed to require a response, JJ & W denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

JJ & W also asserts the following separate and affirmative defenses to the causes of action alleged in Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to Comply with Civil Code §51)**

JJ & W alleges that Plaintiff failed to state a cause of action for violation of the Unruh Civil Rights Act because Plaintiff has failed to comply with *Civil Code* section 51.

**SECOND AFFIRMATIVE DEFENSE**
**(Property Exempted)**

As to each cause of action in Plaintiff's Complaint, JJ & W alleges the subject property is exempted from any and all requirements, guidelines, rules, and regulations as alleged in Plaintiff's Complaint.

**THIRD AFFIRMATIVE DEFENSE**
**(Premises Constructed Prior to Effective Date of Title III of ADA)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that the premises at issue were designed and constructed for first occupancy prior to January 26, 1992. 34 *Code Fed. Regs.* §§36.401(a)(2) and 36.152.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Entitlement to Attorneys' Fees)**

As to each cause of action alleged in Plaintiff's complaint, JJ & W alleges that Plaintiff is not entitled to recover attorneys' fees pursuant to the *California Unfair Business Practices Act, California Business & Professions Code* §§17200 *et seq.*

**FIFTH AFFIRMATIVE DEFENSE**
**(Other's Responsibility)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that under the terms of its contractual agreements, responsibility for compliance with all federal, state, and local laws regarding access and use of the premises by persons with disabilities has been allocated to third person(s) (*i.e.*, tenant, franchisee, etc.) who are solely responsible for any affirmative obligations to make the premises accessible to persons with disabilities.

**SIXTH AFFIRMATIVE DEFENSE**
**(Provision of Access through Alternative Methods)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that JJ & W and other third parties (*i.e.*, tenant, franchisee, etc.) provided persons with disabilities alternatives to barrier removal, which defendant denies exist or existed, by providing access to merchandise by alternative methods such as customer service and sales assistance.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff have failed to act reasonably to mitigate any damages that he alleged in the action.

### EIGHTH AFFIRMATIVE DEFENSE
(California Civil Code Section 1473)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that prior to the commencement of this action, JJ & W duly performed, satisfied and discharged all duties and obligations that may have owed to the Plaintiffs arising out of any and all agreement, representations or contracts made by them or on behalf of JJ & W and this action is therefore barred by the provisions of *California Civil Code* §1473.

### NINTH AFFIRMATIVE DEFENSE
(Waiver)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff waived any claims he may have against JJ & W arising from the transactions and occurrences set forth in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
(Estoppel)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff is estopped by his own conduct from asserting any and all claims he may have against JJ & W arising from the transaction and occurrences set forth in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
(JJ & W's Conduct Was Not Arbitrary)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that JJ & W's activities with respect to Plaintiff, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or business related reasons and were neither arbitrary, capricious, nor unlawful, but were undertaken to protect JJ & W's economic interest and/or relations.

\\

\\

**TWELFTH AFFIRMATIVE DEFENSE**
**(JJ & W's Conduct Was Not Intentional)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that any alleged discriminatory conduct attributed to JJ & W by Plaintiff, which it denies, was not intentional on JJ & W's part.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Proximate Cause)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that any acts or omissions to act by JJ & W was not the proximate cause of any alleged injury suffered by Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff's Complaint is barred by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Assumption of the Risk)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff, with full appreciation of the particular risks involved, nevertheless, knowingly and voluntarily assumed the risk and hazards of the incident complained of and the damages, if any, resulting there from.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(No Standing)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff lack standing to bring such causes of action against JJ & W.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Modification Required)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that there has been no violation of the Unruh Civil Rights Act because there is no law requiring construction, alternation, repair, or modification by another provision of law. *California Civ. Code* §51(d).

\\

**EIGHTEENTH AFFIRMATIVE DEFENSE**
(Not Subject to Civil Code §51)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that JJ & W is not subject to the provisions of the Unruh Civil Rights Act, *Civil Code* § 51, *et seq.*, for the conduct alleged in Plaintiff's Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff's Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

**TWENTIETH AFFIRMATIVE DEFENSE**
(Breach of Agreement, Covenant or Duty)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff's Complaint is barred by the fact that Plaintiff breached an agreement, contract, covenant or duty which might be found to exist.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
(Doctrine of Laches)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff's Complaint is barred by the Doctrine of Laches.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
(Compliance with the ADA)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that JJ & W has had in place at all times a plan for compliance with the Americans With Disabilities Act of 1990 ("ADA"); that its plan in being continuously implemented; that continual progress towards full compliance with the ADA is being made under JJ & W's plan; and that JJ & W is in substantial compliance with the ADA.

\\
\\
\\

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(No Reasonable Modifications)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that the modifications set forth in Plaintiff's Complaint are not "reasonable modifications" in the policies, practices, or procedures to the extent necessary to afford services, facilities, privileges, advantages, or accommodations to Plaintiffs because such modifications would injure the financial operations and/or effectiveness of JJ & W's services and facilities. See 42 U.S.C. §12.182(b)(2)(A)(ii)(1994).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(No Discriminatory Conduct)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that JJ & W has not engaged in a pattern of discriminatory conduct that violates the Fourteenth Amendment to the United States Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Isolated and/or Temporary Interruptions)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that JJ & W was privileged and or justified for the alleged conduct, if any, because the alleged barriers were isolated and/or temporary interruptions in service or access due to maintenance and/or repairs.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Consent)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff, at all relevant times, gave his consent, express or implied, to the alleged acts, omissions, and/or conduct of JJ & W.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Direct Threat to Health and Safety)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that, to the extent it engaged in any of the conduct alleged in the Complaint, which is denied, it did so because Plaintiff posed a direct threat to his own health or safety or the health or safety of other individuals at the facility.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Not Readily Achievable or Technically Feasible)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that removal of any alleged structural barriers to access by persons with disabilities is not readily achievable or technically feasible.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Good Faith Belief)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that the Complaint is barred because any actions taken with respect to Plaintiff were based on honest, reasonable, and good faith beliefs in the facts as known and understood at the time.

**THIRTIETH AFFIRMATIVE DEFENSE**
**(Good Cause)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff's Complaint is barred because JJ & W's activities undertaken with respect to Plaintiff, if any, were based upon good cause.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**
**(After-Acquired Evidence)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff's Complaint is barred based on after-acquired evidence that JJ & W has presently and/or may acquire during the course of this litigation.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**
**(Premises Were Not Altered of Modified After the Effective Date of Title III of ADA)**

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that the premises at issue were not altered or modified after January 26, 1992. 14 U.S.C. §12183(a); 34 *Code Fed. Regs.* §36.402

\\
\\
\\

-11-
DEFENDANT JJ AND W COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(Contributory Negligence)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff failed to exercise reasonable and ordinary care, or caution for his own safety in order to avoid the alleged accident. Any injuries and damages of which Plaintiff complains were sustained or proximately caused by Plaintiff and/or contributed by Plaintiff's own negligence.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Carelessness)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff was careless and negligent in the matters alleged in the Complaint and each alleged cause of action thereof and that said carelessness and negligence on Plaintiff's own part proximately contributed to the happening of the loss and damages complained of, if any. Under the doctrine of comparative negligence, Plaintiff's own comparative negligence shall reduce any and all damages sustained by Plaintiff.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Fault of Others)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that any damages sustained by Plaintiff, if any, were either fully or in part the fault of others, whether that fault be proximate, a result of negligence, strict liability, breach of warranty, breach of contract or any other type of fault caused by persons, firms, corporations, or entities other than JJ & W and that said negligence or fault comparatively reduces the percentage of fault or negligence, if any, by JJ & W.

### THIRTY-SIX AFFIRMATIVE DEFENSE
(Statute of Limitations)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that Plaintiff's Complaint is barred by the applicable statute of limitations stated in the *California Civil Code of Procedure,* and any other applicable statutes of limitation.

\\

\\

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**
(Proposition 51)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that the provisions of the "Fair Responsibility Act of 1986" (commonly knows as proposition 51, *Civil Code* §§1430 through 1432) are applicable to this action to the extent that Plaintiff's injuries and damages, if any, were proximately caused, and were contributed to by the carelessness, negligence or fault of persons or entities other than this answering JJ & W.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**
(Not a Proper Party)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that it is not a proper party to this lawsuit.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**
(Attorney's Fees)

If JJ & W is determined to be the prevailing party in this action, JJ & W should be awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12205, California Code of Civil Procedure § 55, and/or California Health and Safety Code § 19953.

**FORTIETH AFFIRMATIVE DEFENSE**
(Unknown Defenses)

As to each cause of action alleged in Plaintiff's Complaint, JJ & W alleges that it may have other separate and/or additional defenses of which it is not aware and hereby reserves the right to assert them by amendment to this Answer as discovery continues.

**PRAYER**

WHEREFORE, JJ & W prays as follows:

1. Plaintiff take nothing by way of his Complaint;

2. Judgment be rendered in favor of JJ & W;

3. JJ & W be awarded costs of suit; and

4. JJ & W be awarded whatever further relief the Court deems just and proper.

\\
\\

| | | |
|---|---|---|
| 1 | DATED: May 25, 2008 | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By _____
Chuck O. Thompson
Matthew C. Miller
Attorneys for Defendant JJ AND W COMPANY

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4832-3851-7506.1

-14-

DEFENDANT JJ AND W COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**
Futia v. JJ and W Company
U.S. District Court, Northern District Case No. C07 4360 HRL

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

On May 30, 2008, I served the following document(s):

**DEFENDANT JJ AND W COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Thomas N. Stewart, III
369 Blue Oak Lane, 2nd Floor
Clayton, California 94517

Telephone: 925-672-8452
Facsimile: 925-673-1729
e-mail- T_STEW_3@Yahoo.com
*Attorney for Plaintiff*

The documents were served by the following means:

X   **(Via E-File)** by causing such document(s) to be served electronically pursuant to the U.S. District Court's Electronic Case Filing Program to be delivered electronically to those parties who are registered as e-filers.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 30, 2008, at San Francisco, California.

*Nicole S. Block*
NICOLE S. BLOCK

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4827-6045-8498.1